NATIONS LAW GROUP
Nicolás A. Olano
Alaska Bar No. 2105042
2525 Blueberry Road, Suite 207
Anchorage, AK 99503
Telephone: (907) 770-0909
Fax: (907) 770-0902
E-Mail: nicolas@nationslawak.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WEZZIE D. MUNTHALI<br><br>*Plaintiff,*<br><br>MERRICK GARLAND, Attorney General of the United States; ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, Director of the United States Citizenship and Immigration Services; JOHN E. ROESSLER, Director of the USCIS Potomac Service Center.<br><br>*Defendants* | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT 5 U.S.C. 701 Et seq.** |

COMES NOW, Wezzie D. Munthali and, via the undersigned counsel, requests relief from the Court as follows:

### I. INTRODUCTION

1. Plaintiff (Wezzie D. Munthali) brings this action against the United States Citizenship and Immigration Services (USCIS) on account of the unlawful

denial of her application (Form I-90) for a replacement of her permanent resident card[1] (Form I-551) under 8 CFR §264.5(a);

2. USCIS and others (collectively the Agency) acting on its behalf, unlawfully denied Ms. Munthali's I-90 application, finding she was not a lawful permanent resident (LPR) of the United States notwithstanding the decision to the contrary issued by an Immigration Judge on June 12, 2019;

3. The Agency's finding that Ms. Munthali is not an LPR, and the consequent refusal to produce her identification as an LPR, is arbitrary, capricious and not in accordance with law as it ignores the evidence in the record and departs from settled Ninth Circuit precedent without justification. *See Vasquez v. Holder*, 602 F.3d 1003, 1019 (9th Cir. 2010) (Finding that INA § 237(a)(i))(H) can waive an INA § 237(a)(1)(D)(i) removal charge that is based upon the termination of status of a conditional resident for fraud in the underlying marriage);

4. Ms. Munthali is suffering irreparable harm due to the Agency's denial of her I-90 application. Ms. Munthali is subject to the "REAL-ID[2]"Act of 2005. At this time, she has been denied any form of identification, including a driver's license, by the State of Alaska because she does not have evidence of her lawful status as a permanent resident of the United States, i.e., the 'green card' the Agency refused to produce, which is the subject of this suit;

---

[1] This document is colloquially referred to as a "green card."
[2] Passed by Congress in 2005, the REAL ID Act enacted the 9/11 Commission's recommendation that the federal government "set standards for the issuance of sources of identification, such as driver's licenses." The Act established requirements for state-issued driver's licenses and identification (ID) cards and prohibits federal agencies from accepting licenses and ID cards from states that do not meet the requirements. Real ID Act of 2005, Pub.L. 109-13; 119 Stat. 302, May 11, 2005.

## II. PARTIES

5. Plaintiff, WEZZIE D. MUNTHALI, is a lawful permanent resident of the United States (LPR), originally from Malawi, who lives in Anchorage, Alaska;

6. Defendant, MERRICK GARLAND, Attorney General of the United States, is sued in his official capacity. As the United States Attorney General with ultimate authority over the United States Department of Homeland Security ("DHS"), Mr. Garland has the authority to approve, deny, reopen, or perform any other action allowed by law or ordered by this court regarding the application that is the subject of this action;

7. Defendant, ALEJANDRO MAYORKAS, Secretary of Homeland Security, is sued in his official capacity. As Secretary of Homeland Security Mr. Mayorkas oversees USCIS, a subagency of DHS, and has the authority to approve, deny, reopen, or perform any other action permitted by law or ordered by this court regarding the application in this case;

8. Defendant, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"), is a sub-division of DHS, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for actual adjudication I-90 application and is the adjudicating agency in this case;

9. Defendant, UR M. JADDOU, USCIS Director, is sued in her official capacity. As Director of USCIS, Ms. Jaddou oversees all USCIS Service Centers in the United States and has the authority to approve, deny, reopen, or perform any

other action permitted by law or ordered by this court regarding the application in this case;

10. Defendant, JOHN E. ROESSLER, Director of the USCIS Potomac Service Center, is sued in his official capacity. As Director of the Potomac Service Center of USCIS, Mr. Roessler has the authority to approve, deny, reopen, or perform any other action permitted by law or ordered by this court regarding the application in this case.

## III. JURISDICTION AND VENUE

### A. Jurisdiction

11. Jurisdiction is proper under 28 U.S.C. § 1331. This action arises from the Immigration and Naturalization Act, 8 U.S.C. §§ 1101 et seq., and its implementing regulations; the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201(a), because this is a civil action seeking, in addition to other remedies, a declaratory judgment;

12. Jurisdiction is not precluded pursuant to 8 U.S.C. § 1252 as this action does not involve review of a discretionary action of the agency but arises from questions under the Constitution and law of the United States;

13. Jurisdiction is not precluded under "sovereign immunity." Pursuant to 5 U.S.C. § 702 of the APA, the United States has explicitly waived sovereign immunity over Plaintiff's claims since the relief sought is other than money damages;

14. The order subject of this complaint constitutes final agency action under the APA because it is the denial of relief or its equivalent. U.S.C. §§ 551(13); 701(b)(2), 704;

15. No exhaustion of administrative remedies is required since there is no federal statute or regulation that mandates an appeal to the agency. *Darby v. Cisneros*, 509 U.S. 137 (1993). Neither the INA nor implementing regulations at 8 C.F.R. § 103.3(a) require an administrative appeal of the denial. Further, the only avenue for Ms. Munthali is to file a motion to reopen or reconsider with the Agency, and these motions are not requirements of administrative exhaustion. 8 U.S.C. § 1252(d)(1); *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003).

**B. Venue**

16. Venue in this judicial district is proper under 28 U.S.C. § 1391 because this is a civil action in which the defendants are, respectively, an agency of the United States and officer(s) of the United States acting in their official capacity, 28 U.S.C. § 1391(e), events giving rise to this action took place within this District in the geographical limits of the City of Anchorage, Alaska, 28 U.S.C. § 1391(b)(2), and Plaintiff resides in Anchorage, Alaska, 28 U.S.C. § 1391(c)(1);

## IV. STANDING

17. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. The Agency's improper denial of Ms. Munthali's application for a replacement permanent resident card (I-551) has adversely affected her ability to obtain identification as a lawful

permanent resident of the United States or receive a "Real I.D." driver's license from the State of Alaska. Ms. Munthali thus falls within the APA's standing provisions because she has been adversely affected by Defendants' actions.

## V. STATUTE OF LIMITATIONS

18. This case is filed within the general six-year statute of limitations for civil actions brought against the United States under 28 U.S.C. § 2401(a). The Agency decision impugned is from December 22, 2021, well within the statutory period to bring the present action.

## VI. LEGAL BACKGROUND

19. Lawful permanent resident (LPR) is the status in which an individual in the United States is permitted to permanently reside and work lawfully in the United States. INA § 245(a); 8 U.S.C. § 1255(a).

20. An individual becomes an LPR via various mechanisms (marriage, employment, military service, etc..). INA § 245(a); 8 U.S.C. § 1255(a).

21. When an individual is granted LPR "status" a "Memorandum of Creation of Record of Lawful Permanent Residence" is created within that person's immigration file 8 C.F.R. § 264.1(a).

22. An LPR is given a Form I-551, colloquially known as a "green card," to identify him or herself as an LPR. It is *evidence* that the holder has that status in the United States. 8 C.F.R. § 264.1(b).

23. When LPR status is obtained via marriage to a United States Citizen or Lawful Permanent Resident, that citizen or resident "petitions" USCIS to have

their spouse live in the Unites States on a permanent basis. That spouse is the 'petitioner' and the foreign national is known as the 'beneficiary.' INA § 203; 8 U.S.C. § 1153.

24. An individual who becomes an LPR and has not been married to the petitioning spouse for at least two years when that status is acquired is granted that LPR status on a conditional basis; INA § 216(a)(1); 8 U.S.C. § 1186a(a)(1).

25. A conditional resident must petition USCIS to remove the conditions of that residence within 90 days of the two-year anniversary of its grant via the filing of an I-751 Form (Petition to Remove Conditions on Residence). INA § 216(a)(2; 8 U.S.C. § 1186a(a)(2).

26. USCIS will deny the I-751 petition for removal of the conditions if it finds the underlying marriage was improper; INA § 216(c)(3); 8 U.S.C. § 1186a(c)(3).

27. If USCIS finds that the marriage was not entered into in good faith after the parties appear for an interview on their I-751 petition, it must terminate the applicant's status as a permanent resident, subject to the renewal of the application in removal proceedings. INA §216(c)(3)(C); 8 U.S.C. §1186a(c)(3)(C).

28. An alien whose petition to remove the conditions from his or her permanent residence has been denied by USCIS may request to have that determination reviewed in INA § 240 removal (deportation) proceedings before an Immigration Judge; INA § 216(c)(3)(D); 8 U.S.C. § 1186a(c)(3)(D).

29. In removal proceedings, an immigration judge may use section INA § 237(a)(1)(H) to waive a removal charge under INA § 237(a)(1)(D)(i) if that charge is

based upon fraud in the underlying marriage; *Vasquez v. Holder*, 602 F.3d 1003, 1011 (9th Cir. 2010).

30. An LPR may request the issuance of a new permanent resident card, Form I-551, via the filing of an application to replace permanent resident card via Form I-90; 8 C.F.R. § 264.5.

## VII. FACTUAL ALLEGATIONS

31. Ms. Munthali became an LPR on July 19, 2012, via marriage to a United States citizen;

32. On July 1, 2014, Ms. Munthali filed an I-751 form (petition to remove the conditions of residence) with USCIS seeking to have the conditions of her residence removed;

33. On October 27, 2016, USCIS found that Ms. Munthali entered into a fraudulent marriage in order to become an LPR, denied her petition to lift the conditions of that status, and terminated her status as an LPR;

34. On January 26, 2017, Ms. Munthali was placed in removal proceedings and charged as removable under INA § 237(a)(1)(D)(i) (An alien who was lawfully admitted for conditional permanent resident status but whose status was later terminated) and INA § 237(a)(1)(A) (An alien not in possession of a valid unexpired visa or valid entry document at the time adjustment of status). The Immigration Judge dismissed the second charge;

35. In removal proceedings, Ms. Munthali conceded that her marriage was fraudulent and, in order to avoid removal from the United States under the INA § 237(a)(1)(D)(i) charge, she requested a waiver under section § 237(a)(1)(H) of the INA;

36. As part of the removal proceedings, Counsel for the Department of Homeland Security agreed that Ms. Munthali could file an INA § 237(a)(1)(H) waiver and thus resolve the INA § 237(a)(1)(D)(i) removal charge entered against her after the denial of her petition to lift the conditions from her permanent residence via Form I-751;

37. On June 12, 2019, the Honorable Richard Zanfardino, Immigration Judge in Portland, Oregon, waived Ms. Munthali's removal charge under INA § 237(a)(1)(D)(i) by granting her application for relief under INA § 237(a)(1)(H);

38. On January 27, 2020, Ms. Munthali filed an I-90 application with USCIS in order to receive a new I-551 card, evidence of her LPR status;

39. On December 22, 2021, USCIS found that Ms. Munthali, notwithstanding the Immigration Judge's order to the contrary, was not an LPR and that it would not produce the I-551 form as requested. The decision stated:

> Your conditional permanent residence expired on July 19, 2012. USCIS has no record that you filed Form I-751 to petition for the removal of the conditions on your permanent resident status after you were granted a waiver by the Immigration Judge. Since your conditional permanent resident status expired and the conditions on your residence were not removed, you are not eligible to receive a replacement Form I-551, Permanent Resident Card.

*See* USCIS decision dated December 22, 2021;

40. Ms. Munthali applied for a driver's license with the State of Alaska. That application has been denied because she does not have evidence of her lawful presence in the United States as required by the Real ID Act of 2005 and which is effective in Alaska since the year 2019;

## VIII. CAUSES OF ACTION

### COUNT ONE

**Violation of the Administrative Procedure Act  
(5 U.S.C. 701, et seq.), and  
Violation of the Immigration and Nationality Act,  
(INA § 216(a), et seq.), and  
its Implementing Regulations,  
(8 C.F.R. § 216), et seq.**

41. Ms. Munthali re-alleges and incorporates herein by reference, as if fully set forth herein, all the allegations set forth above;

42. The Administrative Procedure Act (APA) empowers this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

43. The Agency's denial of Ms. Munthali's I-90 application is based upon the incorrect finding that she is not an LPR because she did not file an I-751 petition for removal of conditions on her residence after the Immigration Judge's grant of the INA § 237(a)(1)(h) waiver in removal proceedings. That finding is arbitrary, capricious, and not in accordance with the law;

**A. USCIS'S FINDING IS ARBITRARY:**

44. The record shows USCIS denied Ms. Munthali's I-751 and charged her as removable under INA § 237(a)(1)(D)(i) for having her conditional status

terminated. The evidence in the record shows that Ms. Munthali applied for an INA § 237(a)(1)(h) waiver to the INA § 237(a)(1)(D)(i) charge and that on June 22, 2019, Immigration Judge granted that request for relief. That grant of relief left Ms. Munthali's Lawful Permanent Resident Status intact. The Agency's decision to deny her I-90 application because she is no longer an LPR goes against the evidence in the record and is therefore arbitrary for purposes of the APA;

### B. USCIS'S FINDING IS CAPRICIOUS:

45. The Agency's decision goes against binding circuit precedent. The Agency did not provide an explanation or justification for that departure. The Ninth Circuit has previously found INA § 237(a)(1)(H) waives an INA § 237(a)(1)(D)(i) removal charge when it stems from the termination of the foreign national's conditional resident status after a petition for removal of conditions (I-751) is denied due to fraud in the underlying marriage. *Vasquez v. Holder*, 602 F.3d 1003, 1011 (9th Cir. 2010). USCIS's decision goes against that binding precedent, and the lack of justification for this makes the decision capricious for purposes of the APA;

### C. USCIS FINDING IS NOT IN ACCORDANCE WITH LAW:

46. Neither the INA nor the regulations (8 C.F.R.) require the filing of a second I-751 petition after the denial of a first one has been waived in removal proceedings.[3] USCIS's decision states that Ms. Munthali should have filed a new I-751 after the Immigration Judge granted her relief by waiving the INA §

---

[3] The waiver of the removal charge by the Immigration Judge acts as a grant of the petition to lift the conditions since it has the same factual basis. USCIS statement as to filing a 'new' I-751 after the grant of relief in immigration Court is nonsensical at best.

237(a)(1)(H) charge. Such a requirement is not contemplated in the INA or the regulations. Therefore USCIS's decision to deny Ms. Munthali's I-90 application for that reason is not in accordance with the law;

## COUNT II

**Injunctive Relief for Irreparable Harm Caused by Violation of Administrative Procedure Act**
**(5 U.S.C. § 705)**

47. Ms. Munthali re-alleges and incorporates herein by reference, as if fully set forth herein, all the allegations set forth above;

48. Pursuant to 5 U.S.C. § 705, to the extent necessary to prevent irreparable injury, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights pending conclusion of the review proceedings;

49. The I-551 form is the mechanism by which LPRs identify themselves to immigration authorities and by which they may obtain a "REAL ID[4]" compliant driver's license or state identification;

50. The denial of Ms. Munthali's I-90 application effectively has deprived her of any means of identification in the United States and the State of Alaska[5].

---

[4] Passed by Congress in 2005, the REAL ID Act enacted the 9/11 Commission's recommendation that the federal government "set standards for the issuance of sources of identification, such as driver's licenses." The Act established requirements for state-issued driver's licenses and identification (ID) cards and prohibits federal agencies from accepting licenses and ID cards from states that do not meet the requirements. Real ID Act of 2005, Pub.L. 109-13; 119 Stat. 302, May 11, 2005
[5] As of April 17, 2019, the State of Alaska is REAL-ID-compliant.

51. At this time, Ms. Munthali has been denied a drivers license or any other type of identification by the State of Alaska because she does not have evidence that she is lawfully in the United States; specifically, she does not have an I-551 showing she is an LPR;

52. The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc., v. Phoenix Software, Inc.,* 739 F.2d 1415 1422 (9th Cir. 1984). The inability of Ms. Munthali to obtain the most basic form of identity documents with which to access a bank account, drive a car, or buy certain medications is a continuing and irreparable harm resulting from the improper denial of her I-90 application by USCIS.

## IX. RELIEF REQUESTED

**WHEREFORE** Plaintiff requests that the Court grant the following relief:

A. Take jurisdiction over this matter;

B. Declare the Agency's finding that Ms. Munthali is not an LPR to be unlawful and in violation of the Administrative Procedure Act;

C. Declare the Agency's denial of Ms. Munthali's I-90 application to be unlawful and in violation of the Administrative Procedure Act;

D. Order the Agency to immediately produce evidence that Ms. Munthali is a lawful permanent resident of the United States;

E. Order the Agency to immediately produce Ms. Munthali's resident card;

F. Grant attorneys' fees and costs pursuant 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d) and other authority; and

G. Grant any other relief the Court deems appropriate and just.

RESPECTFULLY SUBMITTED on this 14th day of March 2022

By: /s/ Nicolas A. Olano
_____
Nicolás A. Olano, Esq.
Nations Law Group
2525 Blueberry Road, Suite 207
Anchorage, Alaska 99503
Telephone: 907-770-0909
Facsimile: 907-770-0902
(Attorney for Wezzie Munthali)